IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OMNI HOTELS MANAGEMENT CORPORATION, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 3:16-cv-0433 |
| | § | |
| v. | § | |
| | § | |
| | § | |
| HOMEAWAY.COM, INC., | § | Jury Trial Demanded |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Omni Hotels Management Corporation ("Omni") files this Original Complaint asserting claims against Defendant HomeAway.com, Inc. ("Defendant") for direct and contributory trademark infringement in violation of 15 U.S.C. § 1114 (Section 32 of the Lanham Act) and direct and contributory unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A) (Sections 43(a)(1)(A) and (B) of the Lanham Act), as well as direct and contributory trademark infringement, direct and contributory unfair competition, and unjust enrichment under Texas law.  Omni seeks, *inter alia* actual, treble, and exemplary damages from Defendant; a preliminary injunction, and after trial, a permanent injunction; and Omni's attorney's fees and costs of court.

## I. PARTIES

1.      Omni is a Delaware corporation and maintains its principal place of business at 4001 Maple Avenue, Suite 500, Dallas, Texas 75219.

2.    On information and belief, Defendant is a Delaware corporation, is registered to do business in Texas, and maintains a principal place of business in Texas located at 1011 W. Fifth Street, Suite 300, Austin, Texas 78703. Defendant can be served with process by serving its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

3.    The Court has subject-matter jurisdiction over the Lanham Act claims in this action under 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the Texas state law claims in this action under 28 U.S.C. § 1367 because these claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claims and are so related to those claims as to be a part of the same case or controversy. The Court has original jurisdiction over Omni's unfair competition claim under 28 U.S.C. § 1338(b).

4.    The Court has general personal jurisdiction over Defendant because its contacts with the State of Texas and this District are so continuous and systematic as to render it essentially at home in the State of Texas. Moreover, the Court has specific personal jurisdiction over Defendant related to the claims asserted in this action because:

(a)    Defendant is registered to do business in Texas and has a physical place of business in the State of Texas. Defendant maintains an agent for service of process in the State of Texas in this District. Defendant states on its website that "HomeAway, Inc. based in Austin, Texas, is the world's leading online marketplace for

the vacation rental industry, with sites representing over one million paid listings of vacation rental homes in 190 countries."

      (b)    Defendant is in the business of providing services that target consumers seeking vacation rentals, including potential consumers in this District.  As Defendant explains on its website, "Rent a house for half the price of a hotel."  On information and belief, Defendant is the registrant of the domain <vrbo.com> and operates the website hosted at vrbo.com (collectively, the "Website") (*See* **https://www.vrbo.com/info/termsandconditions**).  The Website is available to and directed to residents of this District as well as international consumers. The Website allows users to both list their properties for rental as well as rent other users' properties.  The Website is an active website through which residents of this District may directly conduct commerce with Defendant, including on information and belief, acceptance of payments from users of the Website.  Exhibit A is a copy of relevant portions of the Website demonstrating its interactive features.

      (c)    The Court also has specific personal jurisdiction over Defendant because the acts that are the subject of Omni's claims, including trademark infringement and unfair competition, were committed by Defendant, in part, in this District in the State of Texas.  Defendant conducts business primarily through the Website, which improperly uses Omni's registered trademarks.  The Website is an active site allowing customers to contact Defendant and submit or receive information about properties available for vacation rentals.  Defendant and its authorized users are making commercial use of Omni's registered trademarks in this District and Texas.  As a result, Defendant is doing business

in this District, and Defendant and its authorized users are committing acts of infringement, unfair competition, and other wrongs in this District and the harm of these wrongful acts is being felt in this District.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims of this action occurred in this District and because Defendant resides in this District for purposes of venue under 28 U.S.C. § 1391(c).

## III. FACTUAL BACKGROUND

### A.      Omni's Business

6.      Omni was founded and began its business in 1958.  Omni operates 60 properties across the United States, Canada, and Mexico. Omni has approximately 18,000 employees that operate under strict codes and systems to ensure high ethical standards and responsible business practices.  Over the years, Omni has built a standard of quality and luxury, emphasizing individualized quality of service for its guests and providing guest loyalty and wellness programs.

7.      Omni provides personalized four-diamond service with an authentic feel for local flavor within luxurious accommodations across the leading leisure destinations and business getaways.

8.      Omni is known for exceeding guest expectations, offering consistent products and services through innovation and exemplary service, and creating enjoyable memorable experiences in high quality, luxury settings.

9.    Omni has received numerous honors, awards, and recognition from highly respected authorities, including Travel+Leisure, Condé Nast Traveler, Golf Magazine, Forbes, and USA Today.  For example, in 2014:

- Harris Poll EquiTrend named Omni Luxury Brand of the Year;

- Golf Digest named Omni Homestead Resort as Top 50 Golf Resorts;

- Travel+Leisure named Omni Homestead Resort as one of the "Best Hotels for Families;" and

- Golf Week named several Omni properties as having one of the best courses to play in their respective states.

10.    Most recently, in 2015:

- Forbes named Omni as one of the Top 500 Companies to Work for;

- USA Today named Omni Bedford Springs as USA Today's Best Historic Hotel;

- Condé Nast Traveler named Omni Grove Park Inn as Best Resorts in the South list; and

- Spas of America recognized Omni Grove Park Inn and The Omni Homestead Resort in the Top 100 Spas in America.

**B.    Omni's Trademarks**

11.    Omni owns and has used the following marks (collectively, the "Omni Marks," attached as Exhibit B) in addition to other related trademarks since at least as early as the dates listed below.  Omni has built substantial brand-name recognition, goodwill, and industry recognition through the use of the Omni Marks:

| Mark | Reg. No. | Reg. Date | Goods/Services | First Use |
|------|----------|-----------|----------------|-----------|
| OMNI | 1307554 | 11/27/1984 | IC 42: Hotel services | 11/1975 |
| OMNI HOTELS | 2348751 | 5/9/2000 | IC 42: Hotels, restaurants and bar services | 11/1/1975 |
| LA COSTA | 2575474 | 6/4/2002 | IC 41: Providing recreational facility services, namely, golf course, tennis course, health club and country club services | 7/1/1965 |
| LA COSTA | 2606707 | 8/13/2002 | IC 42: Resort hotel, restaurant, health spa and beauty spa services | 7/1/1965 |
| LA COSTA RESORT AND SPA | 2597128 | 7/23/2002 | IC 41: Providing recreational facility services, namely, golf course, tennis course, health club and country club services | 11/20/1987 |
| LA COSTA RESORT AND SPA | 2962716 | 6/21/2005 | IC 42: Resort hotel, restaurant, health spa and beauty spa services | 11/20/1987 |
| RANCHO LAS PALMAS | 3244969 | 5/22/2007 | IC 41: Recreational services in the nature of golf courses, tennis courts, aquatic facilities, and trails; IC 43: Resort hotels and restaurant facilities; Providing facilities for social gatherings and meetings | 1987 <br><br> 1987 |
| RANCHO LAS PALMAS RESORT & SPA | 3247337 | 5/29/2007 | IC 41: Recreational services in the nature of golf courses, tennis courts, aquatic facilities, and trails; IC 43: Resort hotels and restaurant facilities; Providing facilities for social gatherings and meetings | 7/15/2006 <br><br> 7/15/2006 |

Through continuous and exclusive use in commerce, the Omni Marks have achieved incontestable status.

12.    Over the years, Omni has spent significant amounts of time and resources in developing its brands and maintaining the goodwill it has built in its trademarks.  Omni spends approximately $12 - $15 million annually across all media for marketing and

advertising. The Omni brands are readily and widely recognized in the industry and among the general public.

## C. Defendant Profits from the Listings of Its Users

13. Defendant charges its users for listings. On information and belief, users can either pay-per-booking, which is 10% of the booking rate, or can pay an annual subscription, ranging anywhere from $349 to $1,249, depending on the ranking level the user chooses. *See* https://www.vrbo.com/hagc/sub. Thus, for each of the Infringing Listings described below, Defendant generates revenue through the listing itself, in addition to possible revenue from any bookings.

## D. Defendant's Affiliate's History of Infringing Omni's Trademarks

14. This lawsuit is not the first dispute between Omni and the Website. Defendant, and its affiliated entity VRBO.com, Inc., have a history of infringing Omni's Marks.

15. By way of example, Exhibit C is a copy of correspondence between counsel for Omni and VRBO.com, Inc. dated March 9, 2011. On information and belief, Exhibit C was received by VRBO.com, Inc. personnel. This letter alleges that VRBO.com, Inc. infringes Omni's federal trademark registrations for AMELIA ISLAND PLANTATION (Registration Nos. 1192273 and 2234183). On information and belief, Defendant has knowledge of this letter.

16. Exhibit D is a copy of correspondence between counsel for Omni and VRBO.com Inc. dated June 7, 2013. On information and belief, Exhibit D was received by VRBO.com, Inc. personnel. This letter alleges that VRBO.com, Inc. infringes Omni's

federal trademark registrations for AMELIA ISLAND PLANTATION (Registration Nos. 1192273 and 2234183). This was the second time Omni contacted VRBO.com, Inc. regarding alleged infringement of its AMELIA ISLAND PLANTATION marks.

17.     On information and belief, VRBO.com, Inc. was acquired by HomeAway, Inc. in 2006. When a user navigates to the Website, it displays "HomeAway.com, Inc." before the URL text of **www.vrbo.com**. On information and belief, Defendant operates the Website and is owned by HomeAway, Inc.

**E.     Defendant's and Its Users' Recent Infringing Activities**

18.     The current dispute began sometime in 2015, after multiple notices were provided by Omni.

19.     Exhibit E is a copy of correspondence dated August 19, 2015 from Omni's legal department to Defendant's legal department. On information and belief, Defendant received Exhibit E on or about August 20, 2015. This letter alleges infringement of Omni's OMNI, OMNI HOTELS, LA COSTA, and LA COSTA RESORT AND SPA trademarks. In this letter, Omni requests that Defendant stop using Omni's marks.

20.     Exhibit F is a copy of correspondence dated September 1, 2015 from Omni's legal department to Defendant's legal department following up on the August 15, 2015 letter. On Information and belief, Defendant received Exhibit F on or about September 2, 2015.

21.     Exhibit G is a copy of correspondence dated September 8, 2015 from Courtney Dickey, Senior Director of Legal, Americas, with Defendant to Jesse Smith of Omni.

22.     As of September 8, 2015, Defendant was aware that Omni alleged that the Website contained infringements of certain of Omni's Marks.  As of September 8, 2015, on information and belief, Defendant had not removed any of its users' listings in response to the communications from Omni.

23.     The following is a summary of listings (collectively, the "Infringing Listings") (*See* Exhibits H and I) posted by the unknown authorized users of Defendant (collectively, the "Authorized Users") on the Website, which either infringe one or more of the Omni Marks and/or engage in unfair competition through misleading or deceptive statements:

*La Costa Resort and Rancho Las Palmas Infringing Listings*

| No. | Website  URL | Dates Reported |
|-----|--------------|----------------|
| 1 | http://www.vrbo.com/250634 | 1-Oct-15, 18-Nov-15 |
| 2 | http://www.vrbo.com/398264 | 1-Oct-15, 18-Nov-15 |
| 3 | http://www.vrbo.com/730911 | 1-Oct-15, 18-Nov-15 |
| 4 | http://www.vrbo.com/723621 | 1-Oct-15, 18-Nov-15 |
| 5 | http://www.vrbo.com/474409 | 1-Oct-15, 18-Nov-15 |
| 6 | http://www.vrbo.com/662116 | 1-Oct-15, 18-Nov-15 |
| 7 | http://www.vrbo.com/746678 | 1-Oct-15, 18-Nov-15 |
| 8 | http://www.vrbo.com/267310 | 1-Oct-15, 18-Nov-15 |
| 9 | http://www.vrbo.com/264040 | 1-Oct-15, 18-Nov-15 |
| 10 | http://www.vrbo.com/425111 | 1-Oct-15 |
| 11 | http://www.vrbo.com/3785357ha | 1-Oct-15 |
| 12 | http://www.vrbo.com/3967248ha | 1-Oct-15 |

*Omni Resort Amelia Island Planation Infringing Listings*

| No. | Website  URL | Dates Reported |
|-----|-----|-----|
| 1 | http://www.vrbo.com/368310 | 18-Nov-15 |
| 2 | http://www.vrbo.com/639364 | 18-Nov-15 |
| 3 | http://www.vrbo.com/609127 | 18-Nov-15 |
| 4 | http://www.vrbo.com/462269 | 18-Nov-15 |
| 5 | http://www.vrbo.com/337763 | 18-Nov-15 |
| 6 | http://www.vrbo.com/421190 | 18-Nov-15 |
| 7 | http://www.vrbo.com/202890 | 18-Nov-15 |
| 8 | http://www.vrbo.com/374035 | 18-Nov-15 |
| 9 | http://www.vrbo.com/772004 | 18-Nov-15 |
| 10 | http://www.vrbo.com/371359 | 18-Nov-15 |
| 11 | http://www.vrbo.com/739263 | 18-Nov-15 |
| 12 | http://www.vrbo.com/230957 | 18-Nov-15 |
| 13 | http://www.vrbo.com/460256 | 18-Nov-15 |
| 14 | http://www.vrbo.com/765962 | 18-Nov-15 |
| 15 | http://www.vrbo.com/250285 | 18-Nov-15 |
| 16 | http://www.vrbo.com/3797023ha | 18-Nov-15 |
| 17 | http://www.vrbo.com/297696 | 18-Nov-15 |

24.     Defendant has maintained control over the Website and all listings published on the Website from at least August 15, 2015 through the present.  Defendant has had the authority to take down any of the Infringing Listings prior to the filing of this Complaint.  Prior to the filing of this Complaint, Defendant received a request from Omni to take down each of the Infringing Listings.  As of the filing of this Complaint, all the Infringing Listings are still online and being published by Defendant, despite Omni's requests and Defendant's control over the listings.

25.     On information and belief, in response to Omni's requests, Defendant did not terminate the accounts of any of its users involved in the posting of the Infringing Listings.  At least some of the users who posted the Infringing Listings still have accounts

with Defendant.  Moreover, at least some of the users who posted the Infringing Listings still have listings published on the Website.

**F.      Defendant Refuses to Stop the Infringement**

26.      Defendant has authority to remove the Infringing Listings if it chooses to do so.  Defendant's users must agree with Defendant's Terms and Conditions found at **www.vrbo.com/info/termsandconditions**.      Under  Section  3  "Unauthorized  and Conditions," users of the Website agree to not do any of the following activities:

- Use the Site or post or transmit information that is in any way false, fraudulent,  or  misleading,  including  making  any  reservation  or  inquiry under false pretenses, or taking any action that may be considered phishing or that would give rise to criminal or civil liability; or

- Violate, plagiarize or infringe the rights of us or third parties including, without  limitation,  copyright,  trademark,  patent,  trade  secrets,  rights  of publicity or privacy or any other intellectual or proprietary rights.

27.      Each  of  the  Infringing  Listings  violate  at  least  one  of  each  of  these prohibitions.

28.      On behalf of Defendant, Ms. Dickey made clear in her September 8, 2015 letter  (Exhibit  G)  that  Omni  would  need  a  subpoena  to  determine  the  identity  of Defendant's  Authorized  Users  responsible  for  the  Infringing  Listings.   In  response  on September 11, 2015, Omni reiterated its demand that Defendant stop use of certain Omni Marks.  *See* Exhibit J.   On October 1, 2015, Omni again reiterated its takedown request

and provided Defendant with a list of specific listings at issue and responded to Defendant's objections to assisting Omni.  *See* Exhibit K.

29.    On October 21, 2015, Ms. Dickey communicated that Defendant would review certain listings, but, for other listings, directed Omni to pursue Defendant's Authorized Users directly.  *See* Exhibit L.    However, Defendant failed to provide the identity of those users.  Omni continued communicating its request that Defendant take down the listings at issue. *See* Exhibits M through O.   On December 7, 2015, Ms. Dickey communicated that Defendant would not take down the listings and that Omni should take the matter up with the unidentified Authorized Users.  *See* Exhibit P.

30.    As of the filing of this Complaint, Defendant has not removed the Infringing Listings.  Defendant's position regarding the Infringing Listings is that Omni must sue the individuals who posted the listings directly.  Defendant is unwilling to remove the Infringing Listings unless it receives a court order.  As of the filing of this Complaint, Defendant has not provided Omni with the identity and contact information of its users who have posted the Infringing Listings.  Defendant has stated it will not provide that contact information without a court order or subpoena.

**G.    Unless Defendant is Enjoined, Omni will Suffer Irreparable Harm**

31.    Unless Defendant is enjoined, Omni will suffer irreparable harm. Defendant and its Authorized Users, over whom Defendant has control, will continue to trade on the goodwill Omni has built in its marks.  Defendant will profit unfairly from its trademark infringement, unfair competition, and other wrongs and those of its Authorized Users.  On information and belief, Defendant and its Authorized Users will maintain the

Infringing Listings on the Website and possibly create more advertisements that misrepresent the nature of the properties featured.  Such advertising diverts business that otherwise would belong to Omni.  Moreover, Omni has no ability to control the quality of the services and quality of the properties provided by Defendant and its Authorized Users.  Omni is therefore at risk of irreparable harm for which there is no remedy at law and for which money damages are not sufficient.

32.     By way of example, if customers of Defendant experience inferior services, they could mistakenly attribute the bad experience to Omni due to Defendant's and its Authorized Users' use of the Omni Marks.  This is heightened by Defendant's and its Authorized Users' provision of similar services to a similar or the same customer base using similar or the same advertising channels.  As established above, these actions are taken intentionally by Defendant and its Authorized Users with no regard to Omni's rights.  Defendant and its Authorized Users are intentionally trading off the goodwill Omni has built up in its marks over years of use and promotion.

## IV. CLAIMS

### Count 1 – Direct and Contributory Trademark Infringement Under 15 U.S.C. § 1114 (Section 32 of the Lanham Act)

33.     Omni repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

34.     The aforementioned Defendant's acts and the acts of its Authorized Users committed in the course of interstate commerce constitute trademark infringement of the Omni Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. As established by the registrations for the marks, the marks are protectable and enforceable

against Defendant and its Authorized Users, Omni is the owner of the marks, and Omni is the senior user of the marks.   Moreover, Defendant's and its Authorized Users' actions have caused and will continue to cause a likelihood of confusion and damage to Omni.   In particular, through the infringing use of the Omni Marks, Defendant and its Authorized Users are harming Omni and, on information and belief, diverting sales that would otherwise go to Omni.   Defendant's and its Authorized Users' use of the Omni Marks is likely to cause confusion and mistake as to the source of Defendant's and its Authorized Users' services.

35.   In addition to being liable for direct infringement of the Omni Marks, Defendant is liable for contributory infringement.   As established by the correspondence between the parties, Defendant is aware of the Infringing Listings or at least has a reasonable basis to be aware of the direct infringements committed by its Authorized Users.   Defendant has continued to supply its products and services to its Authorized Users who posted the Infringing Listings, despite having knowledge or reason to know the listings violate Omni's rights.   Defendant has control over the Infringing Listings and the activities of its Authorized Users on the Website.   As of the filing of this Complaint, Defendant has not taken down the Infringing Listings.   Further, as of the filing of this Complaint, Defendant has not terminated the accounts of each of its Authorized Users who posted the Infringing Listings.

36.   In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be preliminarily and, upon hearing, permanently enjoined from using any of the Omni Marks, and any confusingly similar variation thereof, alone or in

combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, in Internet keyword advertising or bidding, in meta tag data, in social media, or otherwise, to market, advertise, or identify Defendant's and its Authorized Users' services and property listings posted within the Website or otherwise.

37.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Omni is entitled to recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by Omni, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Omni seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Omni also seeks its reasonable attorney's fees.

### Count 2 – Direct and Contributory Unfair Competition Under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act)

38.     Omni repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth at herein.

39.     Defendant's acts, and those of its Authorized Users, committed in the course of interstate commerce constitute materially false and misleading misrepresentations of fact with respect to the origin of Defendant's and its Authorized Users' services, and the affiliation, sponsorship, and approval of Defendant's and its Authorized Users' services. Defendant's acts, and those of its Authorized Users, also misrepresent the nature, characteristics, qualities, and geographic origin of their services in violation of Sections 43(a)(1)(A) and (B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B).

40.     In addition to being liable for direct unfair competition, Defendant is liable for contributory unfair competition.  As established by the correspondence between the

parties, Defendant is aware of the Infringing Listings or at least has a reasonable basis to be aware of the unfair competition committed by its Authorized Users.   Defendant has continued to supply its products and services to its Authorized Users who posted the Infringing Listings, despite having knowledge or reason to know the listings violate Omni's rights.   Defendant has control over the Infringing Listings and the activities of its Authorized Users on the Website.  As of the filing of this Complaint, Defendant has not taken down the Infringing Listings.  Further, as of the filing of this Complaint, Defendant has not terminated the accounts of each of its Authorized Users who posted the Infringing Listings.

41.     In accordance with Section 34 of the Lanham Act, 15 U.S.C. § 1116, Defendant should be preliminarily and, upon hearing, permanently enjoined from using any of the Omni Marks, and any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, in Internet keyword advertising or bidding, in meta tag data, in social media, or otherwise, to market, advertise, or identify Defendant's and its Authorized Users' services and property listings posted within the Website or otherwise.

42.     Under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Omni is entitled to recover from Defendant: (i) Defendant's profits, (ii) the damages sustained by Omni, and (iii) the costs of this action.  Due to the knowing, intentional, and purposeful nature of Defendant's conduct, Omni seeks treble the amount of its actual damages.  Due to the exceptional nature of this case, Omni also seeks its reasonable attorney's fees.

**Count 3 – Direct and Contributory Trademark Infringement Under Texas Law**

43.     Omni repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

44.     As established above, Omni is the senior user of its marks and enjoys priority over Defendant.  Omni's substantial use of these marks in commerce has resulted in the Omni Marks being protectable and enforceable.  Defendant's and its Authorized Users' use in commerce of the Omni Marks and confusingly similar marks in connection with competing services constitute infringement of Omni's common-law rights to its marks. Defendant's and its Authorized Users' use of the marks is likely to cause confusion or mistake as to the source of Defendant's and its Authorized Users' services and property listings.

45.     As set forth above, Defendant was aware of the infringement by its Authorized Users or at least had a reasonable basis to know of the infringement, Defendant continued to allow its Authorized Users to make use of the Website and Defendant's services after such knowledge, and Defendant refused to take down the Infringing Listings or suspend the accounts of the associated Authorized Users despite Omni's requests and Defendant's control of the Website.

46.     In accordance with Texas law, Defendant should be preliminarily and, upon hearing, permanently enjoined from using any of the Omni Marks, and any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, in Internet keyword advertising or bidding, in meta tag data, in

social media, or otherwise, to market, advertise, or identify Defendant's and its Authorized Users' services and property listings posted within the Website or otherwise.

47.     Omni has been damaged by Defendant's actions.  Under Texas law, Omni is entitled to recover its actual damages caused by Defendant's direct and contributory trademark infringement and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

**Count 4 – Direct and Contributory Unfair Competition Under Texas Law**

48.     Omni repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

49.     Defendant and its Authorized Users have engaged in commerce in the State of Texas and this Judicial District by marketing, offering to sell, and selling Defendants' and its Authorized Users' services.  Defendant and its Authorized Users have advertised their services on the Website.  Defendant and its Authorized Users have competed unfairly in violation of Texas law by misrepresenting or misleading the public to believe that their services and properties are somehow sponsored by, approved by, affiliated with, associated with, or originated by Omni or that their properties and services have qualities they do not possess.

50.     As set forth above, Defendant was aware of the unfair competition by its Authorized Users or at least had a reasonable basis to know of the unfair competition, Defendant continued to allow its Authorized Users to make use of the Website and Defendant's services after such knowledge, and Defendant refused to take down the

Infringing Listings or suspend the accounts of the associated Authorized Users despite Omni's requests and Defendant's control of the Website.

51.     In accordance with Texas law, Defendant should be preliminarily and, upon hearing, permanently enjoined from using any of the Omni Marks, and any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, in Internet keyword advertising or bidding, in meta tag data, in social media, or otherwise, to market, advertise, or identify Defendant's and its Authorized Users' services and property listings posted within the Website or otherwise.

52.     Omni has been damaged by Defendant's actions.  Under Texas law, Omni is entitled to recover its actual damages caused by Defendant's direct and contributory unfair competition and exemplary damages due to the knowing, willful, and intentional nature of Defendant's actions.

**Count 5 – Unjust Enrichment Under Texas Law**

53.     Omni repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

54.     As set forth above, Defendant and its Authorized Users have used the Omni Marks and Omni's goodwill as an integral part of Defendant's and its Authorized Users' sales of their services.  On information and belief, Defendant has received a direct pecuniary benefit from these unlawful acts, including the unlawful acts of its Authorized Users over whom Defendant has control.  Defendant has therefore been unjustly enriched to Omni's detriment.  As a result, Omni is entitled to recover its actual damages caused by Defendant's unjust enrichment.

V.  APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION

55.     Omni repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

56.     On information and belief, Defendant, unless enjoined, will continue to misrepresent or mislead the public into believing that its and its Authorized Users' services and properties are sponsored by, approved by, affiliated with, associated with, or originated by Omni.  Defendant, unless enjoined, will continue to infringe directly and contributorily the Omni Marks by using those marks or confusingly similar variations thereof to identify Defendant's and its Authorized Users' competing services.

57.     All of these acts violate the Lanham Act and Texas law.

58.     These actions entitle Omni to a preliminary injunction and, upon hearing, permanent injunction enjoining Defendant and its officers, agents, servants, employees, users, and attorneys, and all those persons in active concert or in participation with them from:

(i)     Representing that Defendant's and its Authorized Users' services and properties are in any way sponsored by, approved by, affiliated with, or originated by Omni;

(ii)     Representing that properties listed in the Website are Omni properties when they are not, in fact, Omni properties or have certain access and privileges the properties do not possess;

(iii)     Using any of the Omni Marks, and any confusingly similar variation thereof, alone or in combination with other words, as a trademark, service mark, corporate name, trade name component, domain name or domain name component, in Internet

keyword advertising or bidding, in meta tag data, in social media, or otherwise, to market, advertise, or identify Defendant's and its Authorized Users' services and property listings posted within the Website or otherwise; and

(iv)     Otherwise competing unfairly with Omni or injuring its business reputation in any manner.

59.     For these actions, there is no adequate remedy at law.  Further, Omni is substantially likely to prevail on the merits of these claims.  The injury to Omni greatly outweighs any injury to Defendant that the requested injunction may cause.  The balance of hardships tips strongly in favor of Omni.  Finally, the injunction will not disserve the public interest.  Therefore, Omni is entitled to preliminary and permanent injunctive relief against Defendant.

## VI. Jury Request

In accordance with Federal Rule of Civil Procedure 38, Omni hereby demands a trial by jury on its claims alleged against Defendant.

## VII. Request for Relief

For the foregoing reasons, Omni respectfully requests the Court to:

1.     Award Omni its actual, treble, and exemplary damages;

2.     In accordance with Texas law and 15 U.S.C. § 1116, issue a preliminary and permanent injunction enjoining Defendant and its officers, agents, servants, employees, users, if any, and attorneys, and all those persons in active concert or participation with Defendant from the acts described in this Complaint;

3.     Order Defendant and its officers, agents, servants, employees, users, if any, and attorneys, and all those persons in active concert or participation with them, to identify all listings containing the Omni Marks and the identity of all persons that bought services related to those listings;

4.     Order Defendant to provide an accounting of all sales, revenues, and profits related to Defendant's services that infringe the Omni Marks and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with Omni;

5.     In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the Omni Marks be surrendered for destruction;

6.     In accordance with Texas law and 15 U.S.C. §§ 1117(a) and (d), award Omni all of Defendant's profits from the aforesaid acts of trademark infringement and unfair competition;

7.     In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in Omni's favor and award Omni its reasonable attorney's fees, costs, and expenses of this action;

8.     Award Omni its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate; and

9.     Grant Omni such other relief, at law or in equity, to which it is justly entitled.

Dated:  February 17, 2016

Respectfully submitted,

KLEMCHUK LLP

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Darin.Klemchuk@klemchuk.com
Texas State Bar No. 24002418
Aaron D. Davidson
Aaron.Davidson@klemchuk.com
Texas State Bar No. 24007080
Corey Weinstein
Corey.Weinstein@klemchuk.com
Texas State Bar No. 24037685

8150 N. Central Expressway, 10th Floor
Dallas, TX 75206
P.  214.367.6000
F.  214.367.6001

ATTORNEYS FOR PLAINTIFF OMNI HOTELS
MANAGEMENT CORPORATION